UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN BYRNE, CHARLES SULLIVAN, AND SARAH JOHNSON, individually and as representatives of classes of similarly situated participants in the TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA) CODE SECTION 401(k) PLAN and the TIAA RETIREMENT PLAN,<br><br>      Plaintiffs,<br><br>v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), the TIAA BOARD OF TRUSTEES and its members, the TIAA PLAN INVESTMENT REVIEW COMMITTEE and its members, and JOHN DOES 1–30,<br><br>      Defendants. | Case No. 25-CV-4228-VSB (RFT)<br><br>**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER** |

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

  1. Counsel for any party or non-party may designate any document or information that they produce in connection with this litigation, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public that should be protected from disclosure as confidential information ("Confidential Information"). Confidential

Information may include proprietary trade secret information as defined by the Uniform Trade Secrets Act; financial or tax data to the extent such data is privileged or protected; proprietary commercial information the disclosure of which is likely to cause financial harm to a party; information or documents subject to confidentiality or non-disclosure obligations owed to third parties; Personally Identifying Information ("PII") regarding any person; sensitive or confidential account data regarding plan participants; and documents that are protected by privilege. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure.

2. For the avoidance of doubt, the following categories of documents are not Confidential Information and shall not be so marked.

   a. Documents available or previously available to the public, including documents that may be obtained from public databases or through FOIA, FOIL, state Sunshine laws, or similar public rights of access to information;

   b. Summaries, summary data, and calculations based upon confidential data that are not, themselves, Confidential Information;

   c. Data received from outside sources that was not produced pursuant a confidentiality and/or non-disclosure obligation; and

   d. Documents that have been redacted or otherwise altered so as to not disclose confidential information.

3. The Confidential Information disclosed or testimony concerning the Confidential Information that is itself designated as Confidential Information will be held and used by the

person receiving such information solely for use in connection with the action and shall not be disclosed to anyone by the party receiving the Confidential Information, except as provided in this Order.

4. Deposition testimony shall be deemed Confidential Information only if properly designated as such. Such designation shall be specific only to the portions of the transcript to be designated CONFIDENTIAL. Depositions may be designated on the record as CONFIDENTIAL at the time of the deposition. Deposition testimony so designated shall remain Confidential Information until sixty (60) days after delivery of the transcript by the court reporter. Within sixty (60) days after delivery of the transcript, a designating party must serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL and setting forth the basis for such designation. Thereafter, those portions so designated shall be protected as CONFIDENTIAL pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL designation made on the record of the deposition.

5. No party may withhold information from discovery on the ground that it requires greater protection than that afforded by this Order unless the party moves for and obtains an order providing such special protection before the relevant deadline for production.

6. In the event a party challenges a designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

7. Documents designated as "CONFIDENTIAL" shall be maintained by the parties in a confidential manner, and shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees, vendors, and independent contractors of such counsel or counsel's office assigned to and necessary to assist in the litigation;

   c. The individual parties to this action, and officers or employees of any named party who is either required by such party or requested by counsel to assist in the prosecution or defense of the action;

   d. Any deponent, witness, or potential deponent or potential witness, for purposes of investigation or preparation for deposition or trial in this action only;

   e. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   f. Any other person with the designating party's consent;

   g. Any deponent or witness during a deposition or in trial;

   h. Court reporters, as necessary for the conduct of this litigation; and

   i. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

8. Prior to disclosing or displaying the Confidential Information to any person described in Paragraphs 7(a)-(f) above, counsel must:

      a. Inform the person of the confidential nature of the information or documents;

      b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information and may be corrected by the producing party by written notification to the receiving part promptly upon discovery of the failure to designate. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. Each party shall have the responsibility, through counsel, to advise the designating party and the disclosing party of any compromises of the confidentiality of Confidential Information. The party that disclosed the Confidential Information to a person not authorized under this Stipulation and Order to receive such Confidential Information shall make commercially reasonable efforts to bind such person to the terms of this Stipulation and Order; and shall, as soon as practicable, but in any event, no later than five (5) business days after discovery by counsel of record of such disclosure (a) inform such person of all the provisions of this Stipulation and Order; (b) request such person to execute the agreement to be bound by this Order in the form attached as Exhibit A; (c) make commercially reasonable efforts to retrieve all

copies of the Confidential Information; and (d) notify both the designating party and the disclosing party in writing of the unauthorized disclosure and the identity of such person if such person does not agree to be bound by Exhibit A. A party shall be entitled to seek appropriate relief from this Court in the event of any unauthorized disclosure of Confidential Information.

11.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

12.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13.     If, in connection with this action, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), and the disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently

Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

14. This Stipulation and Order shall survive the termination of this litigation. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed and the destruction of all such documents (except those returned) shall be promptly certified by the receiving party, who shall notify the producing party in writing no later than seven days after such destruction. The requesting party shall not be required to locate, isolate, and return or destroy e-mails (including attachments to emails) that may include Confidential Information, or Confidential Information contained in the deposition transcripts or draft or final expert reports. In addition, notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order.

15. Nothing in this Stipulation is intended to restrict, supersede, modify or amend any federal, state, or local statute, ordinance, or regulation, or rule of the Court limiting the disclosure

of any document or information, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt any document or information from disclosure.

16. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that the party intending to disclose such material shall take reasonable efforts to provide the producing party at least ten (10) business days' notice of the intended disclosure or, if unable to do so, shall provide notice as quickly as may be reasonably practicable.

**SO STIPULATED AND AGREED.**

SO ORDERED

Dated: October 6, 2025
New York, NY

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

Dated: October 6, 2025

New York, NY

| | |
|---|---|
| /s/ Russell Kornblith (with permission<br>Russell Kornblith (RK1950)<br>Sharon Kim (SK2752)<br>SANFORD HEISLER SHARP MCKNIGHT, LLP<br>17 State Street, Suite 3700<br>New York, NY 10004<br>Telephone: (646) 402-5650<br>rkornblith@sanfordheisler.com<br>sharonkim@sanfordheisler.com<br><br>Charles Field (CA Bar No. 189817),<br>admitted *pro hac vice*<br>SANFORD HEISLER SHARP MCKNIGHT, LLP<br>7911 Herschel Avenue, Suite 300<br>La Jolla, CA 92037<br>Telephone: (619) 369-4523<br>cfield@sanfordheisler.com<br><br>LOUIS LOPEZ (admitted *pro hac vice*)<br>RACHEL N. LOKKEN (admitted *pro hac vice*) | /s/ Alison V. Douglass<br>Alison V. Douglass (admitted *pro hac vice*)<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>Telephone: (617) 570-1000<br>adouglass@goodwinlaw.com<br><br>Benjamin S. Reilly (admitted *pro hac vice*)<br>GOODWIN PROCTER LLP<br>1900 N Street, NW<br>Washington, DC 20036<br>Telephone: (771) 200-2050<br>breilly@goodwinlaw.com<br><br>Nehama L. Hanoch (admitted *pro hac vice*)<br>GOODWIN PROCTER LLP<br>620 Eighth Avenue<br>New York, NY 10018 |

STEFAN SHAIBANI (admitted *pro hac vice*)  
DAVID S. YELLIN (DY8824)  
AARP FOUNDATION  
601 E Street NW  
Washington, DC 20049  
Telephone: (202) 434-6666  
llopez@aarp.org  
rlokken@aarp.org  
sshaibani@aarp.org  
dyellin@aarp.org  

*Attorneys for Plaintiffs*

Telephone: (212) 813-8800  
nhanoch@goodwinlaw.com  

*Counsel for Defendants*

9

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN BYRNE, CHARLES SULLIVAN, AND SARAH JOHNSON, individually and as representatives of classes of similarly situated participants in the TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA) CODE SECTION 401(k) PLAN and the TIAA RETIREMENT PLAN,<br><br>              Plaintiffs,<br><br>   v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), the TIAA BOARD OF TRUSTEES and its members, the TIAA PLAN INVESTMENT REVIEW COMMITTEE and its members, and JOHN DOES 1–30,<br><br>              Defendants. | Case No. 25-CV-4228-VSB (RFT) |

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: \_\_\_\_\_, 20\_\_

Name (printed): _____

Signature: _____

Signed in the presence of:

_____

(Attorney)